FILED

OCT 1 1 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL CAGEY,<br><br>Plaintiff,<br><br>vs.<br><br>KATHY NELSON and MONTANA STATE PRISON,<br><br>Defendants. | CV 19–31–H–DLC–JTJ<br><br>ORDER |

Before the Court is the Findings and Recommendations of United States Magistrate Judge John Johnston. (Doc. 7.) On August 26, 2019, Judge Johnston recommended that the Court dismiss Plaintiff Cagey's Complaint for failure to state a claim. (*Id.* at 2.) Because he failed to timely object, Cagey waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews the Magistrate Judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.

-1-

2000) (citations omitted).

Following its review of Judge Johnston's Findings and Recommendations (Doc. 7), as well as his July 16, 2019 Order (Doc. 5), the Court finds no clear error in his conclusion that Cagey's Complaint (Doc. 2) should be dismissed for failure to state a claim. As to Cagey's First Amendment claim, the Court agrees that Cagey's Complaint fails to explain how breaking his eagle feathers burdened his free exercise right, in light of his ability to order replacements. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Judge Johnston gave Cagey the opportunity to amend his Complaint to offer an explanation (Doc. 5 at 14), but he has failed to do so.

Furthermore, the Court finds no clear error in Judge Johnston's Fourteenth Amendment analysis. Because Montana offers Cagey an adequate state post-deprivation remedy, his due process claim is foreclosed. *See, e.g., Zinermon v. Burch*, 494 U.S. 113, 115; *see also* Mont. Code Ann. § 2–9–101.

Accordingly, reviewing Judge Johnston's Findings and Recommendations for clear error and finding none, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 7) is ADOPTED IN FULL, and this matter is DISMISSED for failure to state a claim.

(2) The Clerk of Court is directed to close this matter and enter judgment

in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3)     The Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A), Fed. R. App. Proc., that any appeal of this decision would not be taken in good faith. No reasonable jurist could conclude that an appeal would have merit. The record makes plain that the Complaint lacks arguable substance in law or fact.

(4)     Because Cagey's Complaint fails to state a claim upon which relief may be granted, the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 11th day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court